IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02571-RM-MJW

ANNETTE CANALES and
VICTOR BARRERA,

Plaintiffs,

v.

AMPCO SYSTEM PARKING a/k/a ABM Parking Services, Inc.,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      It is hereby ORDERED that Defendant's Motion to Compel Supplementation of Discovery Responses of Plaintiff Victor Barrera (Docket No. 86) is GRANTED.

      Defendant seeks current records regarding Plaintiff Barrera's medical condition, records that have obvious relevance to a failure-to-accommodate case brought under the Americans with Disabilities Act.  Plaintiff disputes the relevance of the records, arguing that this case isn't about whether Plaintiff has a disability, but about whether Defendant made sufficient efforts to accommodate the disability they perceived.

      Plaintiff cites no authority for this distinction.  It is true that, in a "regarded as disabled" case where the plaintiff challenges adverse employment actions *but does not seek accommodation or challenge a failure to accommodate*, the plaintiff's medical condition has no relevance as a matter of law.  *See, e.g., Butler v. Louisiana Dep't of Pub. Safety*, 2013 WL 2407567 (M.D. La. May 29, 2013).  But this is a failure-to-accommodate case.  It turns on whether Defendant could or could not have provided an accommodation—not, as Plaintiff argues, whether Defendant put enough thought and effort into the decision not to do so.

      It is therefore ORDERED that:

- Plaintiff shall supplement his discovery responses to the Defendant's Interrogatory No. 12 and Defendant's Request for Production No. 2;

- On or before May 29, 2015, Plaintiff shall either (1) provide all information, documents, and identification of healthcare providers relating to medical treatment for Plaintiff's back administered since January 28, 2013, or (2)

- sign releases so Defendant may obtain the information, documents, or identification information if Plaintiff does not have such things in his possession, control, or custody; and

- Each party shall pay their own attorneys fees and costs with regard to this motion, as the Court finds that it would be unjust under the circumstances to make an award of expenses.

Date: May 4, 2015